CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| LEVON BAZEMORE, ) | |
| Petitioner, ) | Civil Action No. 7:05cv00371 |
| ) | |
| v. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | By: Hon. Michael F. Urbanski |
| ) | United States Magistrate Judge |

This matter is before the court upon petitioner's motion to proceed in forma pauperis ("IFP") on appeal. By order entered January 10, 2006, Bazemore's first motion to proceed IFP on appeal was denied and petitioner was directed to provide evidence demonstrating his indigence. Bazemore has now submitted a one page record of his inmate account. That record indicates in the last six months petitioner deposited $ 3,161.46 into his inmate account and has made withdraws from that account totaling $ 3,388.90. Furthermore, the record reveals his account balance for the previous 30 days totaled nearly $ 400.00; however he has since spent approximate $375 and has a current balance of only $ 25.45.

IFP status is a "privilege, not a right" designed to ensure that those who cannot afford the payment of costs have the same ability to present their claims, as those who can afford to pay such costs. Weaver v. Pung, 925 F.2d 1097, 1099 n.4 (8th Cir), cert. denied, 502 U.S. 828 (1991). Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995), cert. denied, 516 U.S. 1177 (1948). The purpose of IFP status is not to allow prisoners to spend large quantities of personal funds on discretionary items and pursue their claims without being required to pay the costs associated with litigation. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982)(finding that the district court properly denied an inmate's motion to proceed in forma pauperis and required the inmate to pay the

costs of service and filing when that inmate had a regular income and had sufficient funds in his inmate account to cover those costs); Sellers v. United States, 881 F.2d 1061, 1063 (11th Cir. 1989)(finding that the district court properly denied petitioner's motion to proceed in forma pauperis when the record revealed that petitioner received hundreds of dollars yearly from family members which he spent on discretionary items). As Bazemore has deposited and spent more than $ 3,000.00 in the last six months, the court finds that Bazemore has had access to a large quantity of personal funds. Furthermore, the court notes that in the last month alone, Bazemore has spent nearly $ 400.00, even though his appeal and motion to proceed IFP in this matter was pending. As such it appears to the court that Bazemore is not indigent.

Accordingly, it is hereby **ORDERED** that petitioner's motion to proceed in forma pauperis on appeal shall be and hereby is **DENIED** without prejudice. However, in an abundance of caution, the court will grant Bazemore ten (10) days from the entry of this order to present further evidence of his indigence. Specifically, Bazemore should address the source of his income and his expenditures for the last six months.

The Clerk is directed to send certified copies of this order to petitioner and to counsel of record for the respondent.

ENTER: This 25 day of January, 2006.

_____
United States Magistrate Judge

2