CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEVON BAZEMORE,<br> Petitioner, | Civil Action No. 7:05cv00371 |
| v. | MEMORANDUM OPINION & ORDER |
| UNITED STATES OF AMERICA,<br> Respondent. | By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |

  This matter is before the court upon petitioner's renewed motion to proceed in forma pauperis ("IFP") on appeal. By order entered January 25, 2006, Bazemore's second motion to proceed IFP on appeal was denied. The court found that petitioner's financial record indicated in the last six months petitioner deposited $ 3,161.46 into his inmate account, made withdraws from that account totaling $ 3,388.90, and in the last month alone spent approximate $375, leaving a current balance of only $ 25.45. Accordingly, the court found that it appeared petitioner was not in fact, indigent, and gave him an additional ten days to explain these expenditures.

  Petitioner now avers that in the last six months he deposited $ 3,161.46, of which $ 605.73 went towards his court ordered fine. The remaining $ 2555.73 was spent on discretionary items, including pre-paid telephone calling cards, personal hygiene items, commissary purchases, and gifts to his children.[1] Although the court commends the petitioner for utilizing portions of his income to support his children, Bazemore admits that he spent more than $ 1000.00, in the last six months on himself. Furthermore, Bazemore has failed to provide any explanation as to why in the last month alone, he has spent nearly $ 400.00, even though his appeal and motion to proceed IFP in this matter

---

[1] In determining the amount spent on discretionary items the court subtracted from the amount deposited in Bazemore's inmate account both his court imposed fine and the amount remaining in his account.

was pending. Accordingly, the court finds that Bazemore was in fact able to pay the costs of litigating this matter, but instead chose to spend his available funds to satisfy his own desires.[2] Therefore, it is hereby **ORDERED** that petitioner's motion to proceed in forma pauperis on appeal shall be and hereby is **DENIED**

The Clerk is directed to send certified copies of this order to petitioner and to counsel of record for the respondent.

ENTER: This 2nd day of February, 2006.

United States Magistrate Judge

---

[2]IFP status is a "privilege, not a right" designed to ensure that those who cannot afford the payment of costs have the same ability to present their claims, as those who can afford to pay such costs. Weaver v. Pung, 925 F.2d 1097, 1099 n.4 (8th Cir), cert. denied, 502 U.S. 828 (1991). Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995), cert. denied, 516 U.S. 1177 (1948). The purpose of IFP status is not to allow prisoners to spend large quantities of personal funds on discretionary items and pursue their claims without being required to pay the costs associated with litigation. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982)(finding that the district court properly denied an inmate's motion to proceed in forma pauperis and required the inmate to pay the costs of service and filing when that inmate had a regular income and had sufficient funds in his inmate account to cover those costs); Sellers v. United States, 881 F.2d 1061, 1063 (11th Cir. 1989)(finding that the district court properly denied petitioner's motion to proceed in forma pauperis when the record revealed that petitioner received hundreds of dollars yearly from family members which he spent on discretionary items).

2